IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| DANIEL WILSON, Individually and On Behalf of All Others Similarly Situated, § § § | |
| Plaintiff, § § | Civil Action No. |
| v. § § | 1:17-CV-1079 |
| ORACLE AMERICA, INC., ORACLE CORPORATION, § § § | |
| Defendants. § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Daniel Wilson ("Named Plaintiff") on behalf of himself and all others similarly situated ("Class Members" herein) (Named Plaintiff and Class Members are collectively referred to herein as "Plaintiffs") brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended. For cause of action, he respectfully shows as follows:

**I. NATURE OF SUIT**

1. The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2. Defendants have violated the FLSA by failing to pay its Account Executives in accordance with the guarantees and protections of the FLSA. Defendants have failed and refused to pay its Account Executives at time-and-one-half their regular rates of pay for all hours worked in excess of forty hours within a workweek by knowingly permitting and intentionally directing their Account Executives to work off the clock for any hours in excess of forty in a week. Because there are other putative plaintiffs who are similarly situated to the Named Plaintiff with regard to the work performed and the Defendants' compensation policies, Named Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b).

3. Defendants have also violated Texas state law by receiving and accepting valuable services from Named Plaintiffs and Class Members in the form of hours worked over forty in a week. Yet Defendants failed to pay Plaintiffs at all for for work in excess of forty hours in a week. This obligation to pay Account Executives for valuable services rendered for work in excess of forty hours in a week derives not from the FLSA, but from the common law of Texas. Therefore, Named Plaintiff also files this action as a class action under Federal Rule of Civil Procedure 23 to remedy the sweeping practices which Defendants have integrated into their time tracking and payroll policies and which have deprived Plaintiffs of their lawfully-earned wages.

## II. PARTIES

4. Named Plaintiff Daniel Wilson is an individual who resides in Austin, Travis County, Texas. He was employed by Defendants within the meaning of the FLSA from February 2016 until November 9, 2017. Named Plaintiff Daniel Wilson has consented to be a party-plaintiff to this action, as indicated in his consent form, which is attached hereto as "Exhibit A."

5. The Named Plaintiff and Class Members are Defendants' current and former Account Executives (also known as Inside Salespersons, Field Account Executives, or Sales Representatives) who

worked as such for Defendants in the United States of America. Defendants paid Named Plaintiff and Class Members an hourly wage.

6. Oracle America, Inc.is a Delaware corporation that is currently authorized to do business in Texas, and that is doing business in Texas. Its principal office is located in Redwood City, California. Its registered agent for service of process is Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

7. Oracle Corporation is a Delaware corporation that is currently authorized to do business in Texas, and that is doing business in Texas. Its principal office is located in Redwood City, California. Its registered agent for service of process is Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

### III. JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction in this case because Named Plaintiff asserts claims arising under federal law. Specifically, Named Plaintiff asserts claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. This Court, therefore, has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. Inasmuch Named Plaintiff's common law claims form part of the same case or controversy under Article III of the United States Constitution, this Court has supplemental jurisdiction over Plaintiffs state-law claims pursuant to 28 U.S.C. §1367(a). This Court also has personal jurisdiction over all parties to this action.

9. Venue is proper in the Austin of the United States District Court for the Western District of Texas. Named Plaintiff Wilson was an employee of Defendants, and performed work for Defendants, in Austin, Texas from February 2016 until November 9, 2017. Defendants continue to do business in Austin, Texas. In addition, inasmuch as Defendants are subject to this Court's personal

jurisdiction for purposes of this civil action, Defendants reside in this district and division. Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

### IV. COVERAGE UNDER THE FLSA

10. At all relevant times, Defendants have, jointly or individually, acted, directly or indirectly, in the interest of an employer with respect to Named Plaintiff and the Class Members.

11. At all times hereinafter mentioned, Defendants have, jointly or individually, been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

12. At all times hereinafter mentioned, Defendants have been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

13. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendants are an enterprise and have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

14. At all times hereinafter mentioned, Named Plaintiff and Class Members were individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendants at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

## V. FACTUAL ALLEGATIONS

15. Defendants sell computer software, hardware, and cloud services to customers across the world.

16. Named Plaintiff Wilson worked for Defendants from February 2016 until November 9, 2017.

17. Named Plaintiff Wilson and Class Members were Account Executives (sometimes also called Inside Sales Person, Field Account Executive, or Sales Representative) ("Account Executives" herein) for Defendants. During all times relevant to this action, all Plaintiffs performed only non-exempt work.

18. As Account Executives, Plaintiffs prospected for customers, called potential and existing customers, pitched products to potential and existing customers, and facilitated the closing of deals.

19. Plaintiffs were not customarily and regularly engaged away from the Defendants' place or places of business to make sales or obtain orders.

20. Plaintiffs were not normally and recurrently engaged away from Defendants' place or places of business to make sales or obtain orders. Plaintiffs did not leave Defendants' place or places of business to make sales or obtain orders every workweek.

21. For all times relevant to this action, the Plaintiffs' primary job duty is not the performance of work directly related to Defendants' management or general business operations, or those of their customers.

22. For all times relevant to this action, the Plaintiffs' primary job duty did not include the exercise of discretion and independent judgment with respect to matters of significance.

23. In addition, Plaintiffs at no time engaged in (1) the application of systems analysis techniques and procedures, including consulting with users, to determine hardware, software or system functional specifications; (2) the design, development, documentation, analysis, creation, testing or modification of computer systems or programs, including prototypes, based on and related to user

or system design specification; or (3) the design, documentation, testing, creation or modification of computer programs related to machine operating systems.

24. Plaintiffs did not direct the work of two or more employees at any time during their employment as Account Executives.

25. Plaintiffs did not have the authority to hire or fire other employees, and their suggestions and recommendations as to the hiring, firing, advancement, promotion, or any other change of status of other employees were not given particular weight.

26. Account Executives do not perform work that required knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction; and they do not perform work in a recognized field of artistic or creative endeavor.

27. Rather, Plaintiffs' primary job duty was simply to sell the Defendants' software, hardware, and cloud products. Plaintiffs performed their work primarily by telephone and via the internet. The job duties of the Account Executives at each of the Defendants' locations was and is essentially the same. As a result, each Account Executive performed the same or similar job duties throughout the Defendants' operations.

28. Plaintiffs routinely worked long hours. Plaintiffs typically arrived at work between 8:00 and 9:00 a.m. and worked until at least 5:00 or 5:30 p.m. each day, and they worked through lunch. Named Plaintiff Wilson regularly worked past 6 p.m. and at times even stayed at work until after 8:00 p.m. Plaintiffs were also issued company laptops and were given access to their e-mails on their personal mobile devices. Therefore, Plaintiffs routinely performed additional work before arriving at, and after leaving, Defendants' premises. In short, Plaintiffs frequently worked more than forty hours per week.

29. Plaintiffs also occasionally traveled to visit customers or potential customers. For example, Named Plaintiff Wilson visited customers just twice during his nearly twenty months of employment—once to Utah in November of 2016 and a second time to the University of Texas within the last month. During their occasional travels, Plaintiffs worked long hours, even longer than their typical hours while working at Defendants' place of business and well over forty hours in a week during those workweeks.

30. Defendants did not pay Named Plaintiff or Class Members on a salary or a fee basis pursuant to 29 C.F.R. §541.600. Instead, Defendants paid Named Plaintiff and Class Members an hourly wage.

31. Defendants also paid Named Plaintiff and Class Members a non-discretionary commission based on the Account Executive's sales. That commission did not represent more than half of the Account Executives' compensation for any representative period.

32. Although Plaintiffs were instructed to log their hours, management directed them to report no more than forty hours per week. Therefore, Plaintiffs were paid an hourly rate for up to—but not exceeding—forty hours per week even though they worked more than forty hours per week.

33. Defendants had notice that Plaintiffs expected to be paid for their work on an hourly basis. Plaintiffs communicated with their managers about their overtime work but were repeatedly told that Defendants would not pay for hours worked over forty in a week.

34. Defendants have employed and are employing other individuals as Account Executives who have performed the same job duties under the same pay provisions as Named Plaintiff, in that they have performed, or are performing, the same job duties, have been told to log no more than forty hours per week, have consistently worked in excess of forty hours in a workweek, and have been denied overtime compensation at a rate of not less than one-and-one-half times their regular rates of pay.

35. Defendants have knowingly, willfully, or with reckless disregard carried out, and continue to carry out, their illegal pattern or practice of failing to pay overtime compensation to Named Plaintiff and the Class Members.

## VI. COLLECTIVE ACTION ALLEGATIONS

36. Named Plaintiff Wilson seeks conditional certification pursuant to 29 U.S.C. § 216(b) of the following class (the "FLSA Class Members"):

> **All current and former individuals who worked as an Account Executive for Defendants for the past three years who were not paid at the rate of at least one-and-one-half of their regular rates of pay for all hours worked in excess of forty (40) hours in a workweek.**

37. Named Plaintiff and the FLSA Class Members have performed, and are performing, the same or similar job duties as one another in that they worked as Account Executives. Further, Named Plaintiff and the FLSA Class Members were subjected to the same pay provisions in that they were all paid by the hour plus commissions, but they were not compensated at the rate of at least one and one-half their regular rates of pay for all hours worked in excess of 40 in a workweek. More specifically, Defendants instructed Plaintiffs to log no more than forty hours per week and failed and refused to pay Named Plaintiff and FLSA Class Members for time worked in excess of forty (40) hours in a workweek. Thus, the FLSA Class Members are owed unpaid overtime for the same reasons as Named Plaintiff, without regard to their individualized circumstances.

38. Defendants' failure to compensate employees for hours worked in excess of 40 in a workweek as required by the FLSA results from a policy or practice of paying Named Plaintiff and FLSA Class Members in the manner described herein above. This policy or practice is and has been, at all relevant times, applicable to the Named Plaintiff and all FLSA Class Members. Application of this policy or practice does not depend on the personal circumstances of the Named Plaintiff or

those joining this lawsuit. Rather, the same policy or practice that resulted in the non-payment of overtime compensation to Named Plaintiff also applied to all FLSA Class Members.

## VII. STATE LAW RULE 23 CLASS ALLEGATIONS

39. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Named Plaintiff Wilson, individually and on behalf of all other similarly situated employees, pursues state-law claims for *quantum meruit* against Defendant.

40. Named Plaintiff Wilson seeks certification of a class pursuant to Rule 23 of the Federal Rules of Civil Procedure (the "Rule 23 Class Members") as follows:

> **All current and former individuals who worked as an Account Executive for Defendants for the past four (4) years who performed more than forty (40) hours of work for Defendants per week but were not compensated for hours worked over forty (40) in a workweek.**

41. Named Plaintiff Wilson, individually and on behalf of all other similarly situated employees, seeks relief on a class basis challenging Defendants' practice of knowingly permitting its Account Executives to work more than forty hours per week but failing to pay Named Plaintiff Wilson and other similarly situated employees their agreed rate of pay or the reasonable value of the services they rendered for hours worked over forty in a week.

42. Throughout the relevant period, Defendants routinely knowingly allowed Plaintiff and Rule 23 Class Members to perform uncompensated work after the Rule 23 Class Member had worked forty hours in a week.

43. Throughout the relevant period, Defendants knew that Plaintiff and Rule 23 Class Members regularly performed more than forty hours of work per week. Defendants' agents regularly encouraged, instructed, suffered, and permitted Named Plaintiff and Rule 23 Class Members to perform this work and observed this work being performed on a regular basis. Throughout the relevant period, Defendants knew that Named Plaintiff and Rule 23 Class Members, regardless of

their location, regularly performed work in excess of forty hours per week because Named Plaintiff and Rule 23 Class Members routinely engaged in work over forty hours in a week, and they worked on Defendant's premises, in plain sight, and at their managers' request.

44. Therefore, throughout the relevant period, Defendants knew that Plaintiffs and Rule 23 Class Members were not being properly compensated for all of their hours worked.

45. Regardless, during the relevant period, Defendant failed to both (1) pay Named Plaintiff and Rule 23 Class Members for the valuable services provided during they hours that they worked over forty in a week, or (2) prohibit Named Plaintiff and the Rule 23 Class Members from performing uncompensated work during the workweek. On the contrary, Defendant specifically authorized work done over forty hours in a week and received the benefit of such work.

46. Defendant maintained common work, time, and pay policies and procedures throughout its United Stated locations. As a result, Named Plaintiff and Rule 23 Class Members are similarly situated regardless of their location and have been regularly deprived of pay for workweeks during which they worked more than forty hours.

47. Plaintiffs' state-law claims against Defendants for *quantum meruit* satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements for the certification of a class action under Federal Rule of Civil Procedure 23.

48. **Numerosity.** The class satisfies the numerosity standard as it is believed that there are between two hundred and one thousand Rule 23 Class Members. Consequently, joinder of all Rule 23 Class Members in a single action is impracticable. The data required to calculate the size of the class is within the sole control of Defendants.

49. **Commonality.** There are questions of law and fact common to the class that predominate over any questions affecting individual members. The questions of law and fact common to the class arising from Defendants' actions include, without limitation, the following:

    a) Whether Defendants had a policy and practice of prohibiting Account Executives from recording that they worked more than forty (40) hours in a week, even when they did;

    b) Whether Defendants directed, required, requested, and/or permitted Plaintiff and Rule 23 Class Members to work during unpaid meal breaks;

    c) Whether Defendants knew or should have known that Named Plaintiff and Rule 23 Class Members were not compensated for work performed over forty hours per week;

    d) Whether valuable services were rendered to Defendants by Named Plaintiff and Rule 23 Class Members when they worked over forty (40) hours per week, and whether Defendants accepted the benefit of Named Plaintiff and Rule 23 Class Members' unpaid services;

    e) The proper measure of damages, including whether the reasonable value of such services can be based on the agreed hourly rate of pay.

50. **Typicality**. Named Plaintiff's claims are typical of those of the class because Named Plaintiff's claims arise from the same course of conduct and legal theories as the claims of the prospective Rule 23 Class Members. Like the Rule 23 Class Members, the Named Plaintiff worked as an Account Executive for Defendants within the class definition during the relevant time period. Like the Rule 23 Class Members, Named Plaintiff was subject to the identical company-wide policy prohibiting Account Executives from recording that they worked more than forty hours per week, even when they did. Like the Rule 23 Class Members, Named Plaintiff worked in excess of forty hours per week but—at the direction of Defendants' management—did not record the time and

therefore was not paid for the time worked. The other facts outlined above likewise apply equally to both Named Plaintiff and the Rule 23 Class Members.

51. **Adequacy**. Named Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the Rule 23 Class Members he seeks to represent. The interests of the members of the class will be fairly and adequately protected by Named Plaintiff and the undersigned counsel, who has experience in employment and class action lawsuits.

52. **Superiority.** A class action is superior to other available means for the fair and efficient adjudication of this lawsuit. Even in the event any member of the class could afford to pursue individual litigation against a company the size of Defendants, doing so would unduly burden the court system. Individual litigation of potentially a thousand claims would magnify the delay and expense to all parties and flood the court system with duplicative lawsuits. Prosecution of separate actions by individual members of the class would create risk of inconsistent and varying judicial results and establish incompatible standards of conduct for Defendant. A single class action can determine the rights of all Rule 23 Class Members in conformity with the interest of efficiency and judicial economy.

### VIII. CAUSE OF ACTION ONE: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

53. Named Plaintiff incorporates all allegations contained in the foregoing paragraphs as though fully set forth herein.

54. During the relevant period, Defendants have violated and are violating Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2) by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-one-half times their regular rates for which

they were employed. Defendants have acted willfully in failing to pay Named Plaintiff and the Class Members in accordance with applicable law.

## IX. CAUSE OF ACTION TWO: *QUANTUM MERUIT*

55. Named Plaintiff incorporates all allegations contained in the foregoing paragraphs as though fully set forth herein.

56. Named Plaintiff and Rule 23 Class Members performed valuable services for Defendants when they worked more than forty hours per week.

57. These services had a reasonable value no less than the agreed hourly rate.

58. Defendants accepted and retained the benefit of Named Plaintiff's and Rule 23 Class Members' performance of these valuable services.

59. No contract exists between Named Plaintiff and Defendants, and Rule 23 Class Members and Defendants, regarding the provision of services during unpaid meal break periods.

60. Defendants had reasonable notice and/or knowledge that Named Plaintiff and Rule 23 Class Members expected to be compensated for services rendered for the Defendants.

61. Defendants failed to pay Named Plaintiff and Rule 23 Class Members the reasonable value of the services performed during unpaid meal break periods.

62. Named Plaintiff and Rule 23 Class Members are entitled to recover damages under this claim for the last four years.

63. Named Plaintiff and Rule 23 Class Members are entitled to attorney's fees and cost under this claim pursuant to Texas Civil Practice and Remedies Code, §38.001, *et seq.*

## XI. PRAYER FOR RELIEF

WHEREFORE, cause having been shown, Named Plaintiff prays for an expedited order certifying a class and directing notice to putative class members pursuant to 29 U.S.C. § 216(b),

an order certifying a class pursuant to Rule 23 of the Federal Rules of Civil Procedure, and, individually, and on behalf of any and all such class members, on trial of this cause, judgment against Defendants, jointly and severally, as follows:

a. For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendants liable for unpaid back wages due to Plaintiffs (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those who may join the suit);

b. For an Order awarding Plaintiffs the full measure of their *quantum meruit* damages under Texas law;

c. For an Order awarding Plaintiffs (and those who may join in the suit) the taxable costs and allowable expenses of this action;

d. For an Order awarding Plaintiffs (and those who may join in the suit) attorneys' fees;

e. For an Order awarding Plaintiffs (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

f. For an Order awarding Plaintiffs declaratory and injunctive relief as necessary to prevent the Defendants' further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. and the Texas common law; and

g. For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

    Respectfully Submitted,

**MORELAND LAW FIRM, P.C.**
The Commissioners House at Heritage Square
2901 Bee Cave Road, Box L
Austin, Texas 78746

        Tel: (512) 782-0567
        Fax: (512) 782-0605

        By:  */s/ Daniel A. Verrett*
             Daniel A. Verrett
             Texas State Bar No. 24075220
             daniel@morelandlaw.com

Edmond S. Moreland, Jr.
State Bar No. 24002644
edmond@morelandlaw.com
13590 Ranch Road 12
Wimberley, Texas 78676
(512) 782-0567
(512) 782-0605 - telecopier

**ATTORNEYS FOR PLAINTIFF**